Frank Frisenda  (State Bar #85580)
**FRISENDA, QUINTON & NICHOLSON**
11601 Wilshire Boulevard, Suite 500
Los Angeles, California  90025
Tel.: (702)  792-3910
Fax: (702) 436-4176
E-Mail:  frankfrisenda@aol.com
Attorney for Plaintiff
**MICHAEL DOBECK**

## THE UNITED STATES COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DOBECK, an individual,<br><br>           Plaintiff,<br><br>    vs.<br><br>COBRA ENGINEERING, INC., a California corporation, and Does 1 through 10<br><br>           Defendants. | Case No.:<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff , Michael Dobeck, by and through his counsel, files this complaint against Defendant Cobra Engineering Inc., and DOES 1 through 10, hereby demands a jury trial and alleges and says:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to enjoin and obtain damages resulting from Defendant Cobra Engineering, Inc.'s (hereinafter "Defendant" or Cobra") unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for subsequent use or sale of POWRPRO BLACK fuel injection tuner devices that infringe claims 1,4,7,10 and 11 of United States Patent No. 8,996,279 ("the '279 patent") appended hereto as Exhibit 1. Plaintiff seeks injunctive relief to prevent Defendant Cobra from continuing to infringe the '279 Patent, and, in addition, seeks a recovery of monetary damages resulting from Cobra's infringement of the '279 Patent.

## PARTIES

2. Plaintiff is an individual and citizen of the State of Nevada.  Plaintiff is the lawful assignee of all right, title, and interest in and to the '279 Patent.

3. Upon information and belief, Defendant Cobra is a California corporation having a principal place of business at 23801 E La Palma Ave., Yorba Linda, CA 92887. Upon further information and belief, Defendant Cobra manufactures, uses, sells, imports, and/or distributes POWRPRO BLACK fuel injection tuners accused of infringement herein.

4. The true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10 are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek to amend this Complaint to allege the true names and capacities of said Defendants when they have ascertained such information. Plaintiff is informed and believes that each of the Defendants named herein as DOES 1 through 10 has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiff by reasons thereof.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 et seq. This Court has subject matter jurisdiction under the provisions of 28 U.S.C.□§§ 1331 and 1338 (a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

7. This Court has personal jurisdiction over Defendant Cobra, and venue is proper in this district, because Defendant has conducted business in California and in this judicial district, and infringement has occurred and continues to occur in California and throughout the United States.

8. Upon information and belief, Defendant Cobra's infringing tuner devices has been and continues to be marketed and/or offered for sale throughout California including this judicial district. In addition, the Court has personal jurisdiction over Defendant Cobra because it has established minimum contacts with the forum and the exercise of the Court's jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

## BACKGROUND FACTS

9. Plaintiff is a co-inventor of the inventions disclosed and claimed in the '279 Patent and by written assignment owns 100 percent of the right, title and interest in and to the '279 patent.

10. The '279 Patent was duly and legally issued on March 31, 2015 for inventions entitled METHOD AND SYSTEM FOR OPTIMIZING FUEL DELIVERY TO A FUEL INJECTED ENGINE OPERATING IN POWER MODE.

11. Defendants market, distribute, and sell infringing products in this Judicial District, and through the United States. At least one of the accused products is identified by Defendant as

3

POWRPRO BLACK ("the accused product", shown in Exhibit "2"), which infringes claims 1, 4, 7, 10 and 11 of the '279 Patent. Defendants continue to directly infringe, contribute to the infringement of, and/or actively induce others to infringe these claims of the '279 Patent.

## COUNT I – PATENT INFRINGEMENT 35 U.S.C. §271

12. Plaintiff re-alleges paragraphs 1 through 11 as if fully set forth herein.

13. Defendants have been, and are currently infringing the '279 patent throughout the country.

14. On information and belief, Defendants have had actual and/or constructive notice of the existence of Plaintiff's '279 patent rights and continued in the advertising, manufacture, distribution sale , and offer to sell , the accused products for fuel injection engines. Defendants have knowingly induced the infringing acts of its customers and end- users with specific intent to encourage such customers and end-users to infringe Plaintiff's patent.

15. In this respect, prior to, and after the issuance of the '279 patent Defendants purchased tuners for fuel injection engines under the brand name Fi2000 PROWRPRO from Plaintiff. (See Exhibit 3 hereto)

16. Defendants touted that Plaintiff's tuners "completely and permanently" changed the "world of motorcycle fuel injection calibration". "It's like having the best custom map-writing software and a dyno operator tuning your fuel delivery 80 times a second, every time you crank the throttle." As shown by Exhibit 3, Defendants marketed and sold Plaintiff's tuners with the "Patent pending" mark.

17. Defendants stop selling Plaintiff's Fi2000 POWERPRO products in the fall of 2015, and instead, chose to copy Plaintiff's patented tuners and to willfully infringe Plaintiff's '279 patent by the advertising, distribution and sale of strikingly similar accused POWRPRO BLACK tuners from

an unauthorized source.  Defendants advertise, distribute and sell the accused products with instruction manuals for customers and end-users to performed Plaintiff's patented methods.

18. On information and belief, Plaintiff expects that future evidentiary support for these infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery.

19. Plaintiff has been, and will continue to be, irreparably harmed by Defendants' infringing conduct unless Defendants are enjoined by this Court.

20. Defendant Cobra markets, makes, uses, sells, offers for sale, and/or imports into the United States fuel injection tuner devices that infringe the identified claims of the '279 Patent.  A copy of Defendants' advertisements of the accused POWRPRO BLACK product is attached as Exhibit 4.  A copy of Defendants' instruction manual for the accused POWRPRO BLACK products is attached as Exhibit 5.

21. Defendants' continuing infringement of the '279 Patent will continue to damage Plaintiff's business, causing irreparable harm unless enjoined by the Court.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays for judgment against Defendants, granting Plaintiff the following relief:

A. That the Court enter judgment that Defendants have infringed U.S. Patent No. 8,996,279;

B. That the Court permanently enjoin Defendant Cobra and its parents, subsidiaries, affiliates, successors and assigns, and each of their respective officers, directors, agents, servants, employees, attorneys, and all persons within their control from making, using, selling, offering to sell, importing, or advertising the accused tuner products that infringe the '279 Patent;

C. That the Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Defendants' infringement;

D. That the Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as he shall prove at trial that are adequate to compensate Plaintiff for Defendants' infringement of the '279 Patent, said damages to be no less than a reasonable royalty;

E. That the Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs to Plaintiff in accordance with☐35 U.S.C. § 284;

F. That the Court award Plaintiff enhanced damages and his attorney fees pursuant to 35 U.S.C. §285;

G. That the Court grant Plaintiff such other, further, and different relief as the Court may deem just and proper.

FRISENDA, QUINTON & NICHOLSON

Dated:   August 25, 2016          By: _____
FRANK FRISENDA, JR.
Attorneys for Plaintiff
MICHAEL DOBECK

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

FRISENDA, QUINTON & NICHOLSON

Dated:   August 25, 2016        By: _____
                                    FRANK FRISENDA, JR.
                                    Attorneys for Plaintiff
                                    MICHAEL DOBECK

7